(65 Misc. Rep. 311.)

### RABINOWITZ et al. v. LIPSCHITZ.

(City Court of New York, Special Term. December, 1909.)

1. COURTS (§ 190*)—APPEAL FROM CITY COURT—APPROVAL OF BOND.

    An undertaking on appeal, given by defendant to stay execution on a judgment against him in the City Court of the City of New York, need not be approved by a justice of the court before filing, under Code Civ. Proc. § 1335.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. COURTS (§ 190\*)—APPEAL FROM CITY COURT—BOND—MOTION TO COMPEL AC-CEPTANCE.**

Where plaintiffs' attorney refused to accept service of a copy of a bond on appeal, given to stay execution of a judgment against defendant in the City Court, on the ground that it had not been first approved by a justice of the court, a motion to compel plaintiffs to accept the undertaking will be granted.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

Action by Samuel Rabinowitz and Isaac Kossoff against Jacob Lipschitz. Judgment for plaintiffs. On motion to compel acceptance of an undertaking on appeal. Motion granted.

Isidor Gainsburg, for plaintiffs.
Samuel Dickstein, for defendant.

GREEN, J. This is a motion upon an order to show cause to compel the plaintiffs' attorney to accept a service of a copy of an undertaking on appeal, the original of which was duly filed in the office of the clerk of this court, without first obtaining the approval of a justice of this court as to its form and sufficiency. The undertaking was in due form, was given to stay execution upon the judgment recovered against the defendant, and the only ground upon which plaintiffs' attorney refused to accept the undertaking was because the defendant appellant has refused and declined to first obtain the approval of a justice of the court; he claiming that there is no provision of law requiring such procedure.

The Code of Civil Procedure, which controls the practice in our courts, is a cumbersome, unwieldy, verbose, and impracticable mass of inconsistencies and doubts. It has been and still is the cause of probably 30 per cent. of the litigation now present in our tribunals. It breathes and breeds litigation. It is the friend of the litigant desiring delay. The path of the diligent litigant is frequently beset with the pitfalls of Code technicalities, carefully cherished until the time opportune arrives, when the trap is sprung, and the action must be begun de novo, or the special proceeding started anew. This criticism is not directed against counsel in this case, but is suggested generally by the enormous amount of technical practice daily recurrent in our courts, and the necessity for a new Practice Code must be evident to all, and this view, as expressed, may be of some assistance to those working with such object in view, and utterance is given to this protest at this time because of the evident amount of labor incident and necessary to the disposition of an insignificant motion of the character now before the court. To the knowledge of the court, for over 20 years it has been the practice of attorneys to have undertakings on appeal first approved by the justice of the court before filing the same. This practice and custom, in existence for so many years, has developed into the general opinion that such approval of the undertaking was necessary before filing the same. The plaintiffs respondents in this case claim that the approval is necessary. The defendant appellant contends that

it is not, and that the attorney for the respondent should be required to accept the undertaking without its first being approved.

This contention leads to an examination of the sections of the Code covering the question before the court, and it will thus become apparent why the criticism hereinbefore directed to the Code was made. Sections 3188, 3189, and 3190 of the Code of Civil Procedure, contained in chapter 20, tit. 1, art. 4, provide for appeals from judgments and orders of the City Court of New York and the limit of time within which appeals may be taken.   Section 3190 provides:

"In every other respect titles first, third and fourth of chapter twelfth of this act, so far as the same are applicable thereto, apply to and govern an appeal taken as prescribed in either of the last two sections."

From the maze of references we are led to examine title 1 of chapter 12, in order to cull the sections made applicable by section 3190, supra; and we find that section 1307, contained in title 1 of chapter 12, provides that the undertaking on appeal must be filed with the clerk with whom the judgment or order appealed from is entered.   Section 1308 of the same chapter and article provides for ordering or requiring a new undertaking when sureties become insolvent or their circumstances precarious.   Title 2 of chapter 12 of the Code refers to appeals to the Court of Appeals, and it will be observed by an examination of section 3190 of the Code, supra, that by the language thereof title 2 is not directly therein made applicable to the City Court of New York; but, as it is made applicable by indirection in another section, it is necessary to cite section 1335 of the Code, which is contained in title 2 of chapter 12.   Section 1335 provides that an undertaking need not be approved; but the same section also provides for notice of exception to the sureties, justification thereof, and approval after justification.   In this labyrinth of reference and cross-reference, it will be observed that the only provision directly applicable upon the question before the court is section 3190 of the Code, which makes titles 1, 3, and 4 of chapter 12 apply to appeals from the City Court of New York.   In title 3 of chapter 12 of the Code of Civil Procedure, and in section 1341 contained therein, is found the authority upon the question as to whether an undertaking must first be approved by a judge of the court before filing the same in order to stay execution, and that portion of the section pertinent to the question before me is as follows:

"Security is not required to perfect an appeal, but to stay the execution of the judgment security must be given and the sureties may be excepted to, and must justify, as upon an appeal to the Court of Appeals from a judgment of the same amount, or to the same effect."

Title 4 of chapter 12 is made applicable to the City Court by section 3190, and in that title are contained the provisions as to appeals to the Appellate Division from judgments of the Supreme Court, and section 1352 provides that security may be given in order to stay execution upon the judgment in the same manner as required to perfect an appeal to the Court of Appeals.   Sections 1341 and 1352 being made to apply so far as applicable under section 3190 of the Code, we must necessarily recur to the provision of the Code providing for appeals to the Court

of Appeals in order to ascertain what warrant in law exists for requiring the approval of an undertaking before the filing thereof and service of a copy of the same.   Section 1335 is the section applicable to the Court of Appeals, and by its terms it is expressly provided that an undertaking need not be approved, but that the attorney for the respondent may, within 10 days after the service of a copy of the undertaking, with notice of filing thereof, except to the sufficiency of the sureties; that within 10 days thereafter the sureties, or other sureties in a new undertaking, must justify; that at least 5 days' notice of justification must be given; that if the judge finds the sureties sufficient he must indorse his allowance of them upon the undertaking or a copy thereof; that notice of allowance must be served upon the attorney for the exceptant; that the failure to justify and procure an allowance of the undertaking has the same effect as if none had been given. The practice in courts of record differs from that in courts not of record.   In justices' courts the undertaking, in order to stay execution of the judgment, must be first approved by the justice (section 3050, Code); and so, too, is the statute applicable to Municipal Court judgments.   See sections 314, 315, and 316, Municipal Court Act (Laws 1902, c. 580).

Counsel for the plaintiffs insist that section 812 of the Code is applicable to the question at issue, and here again we find another provision in reference to approval of undertakings.   It is provided by that section that:

"The bond or undertaking, except as otherwise expressly prescribed by law, must be approved by the court before which the proceeding is taken, or a judge thereof, or the judge before whom the proceeding is taken.   The approval must be indorsed upon the bond or undertaking."

This section is found under chapter 8, tit. 6, art. 4 of the Code, entitled "General Provisions Respecting Bonds and Undertakings," and provides generally for the practice in reference to undertakings.   This section, in my opinion, does not apply to the case at bar, because section 1335 of the Code is made to apply, and by this section no approval is necessary.   From an examination of the sections of the Code applicable to the case at bar, I am led to the conclusion that the practice heretofore obtaining of having the undertaking approved before filing is not necessary under the law.   The attorney for the defendant appellant was correct in his practice, and the motion to compel the plaintiffs respondents to accept the undertaking without first obtaining the approval of a justice of the court is granted, with $10 costs to abide the event.

Motion granted.